IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ERIC T. ROBINSON,

          Plaintiff,

v.

U.S. FEDERAL BUREAU OF
INVESTIGATION,

          Defendant.

Civil Action No. 09-2867

## MEMORANDUM

August 12, 2009                                                                               Pollak, J.

      Plaintiff Erik T. Robinson has filed a Motion to Proceed *In Forma Pauperis* (docket no. 1) in a civil rights suit that he seeks to bring against defendant, the Federal Bureau of Investigation. For the reasons that follow, the motion will be denied.

      Civil litigants may apply to proceed *in forma pauperis* ("IFP") and avoid many filing fees and costs, under 28 U.S.C. § 1915(a):

> ... any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit ... that the person is unable to pay such fees or give security therefor.

An applicant for IFP status need not "be absolutely destitute" to qualify lest a litigant be compelled to "abandon what may be a meritorious claim in order to spare himself

complete destitution." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  The Third Circuit has suggested that courts undertake a detailed examination of a litigant's IFP request, which can include his income and expenditures, the specific amount of costs requested by the litigant to be waived, and the nature of the suit.  *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 600-02 (3d Cir. 1989).  "All the cases interpreting the relevant statutes and rules agree that such allowance or denial [of IFP] rests in the discretion of the court."  *Smith v. Firestone Tire & Rubber Co.*, 255 F. Supp. 905, 906 (E.D. Pa. 1966).

     Robinson has a number of suits pending before this court for which I granted IFP.  The complaints present either Freedom of Information Act suits against the federal government wherein Robinson seeks release of documents that federal agencies have deemed classified or they present suits seeking extraordinary, non-monetary relief.  *See Robinson v. United States Dept. of Justice*, Civ. No. 07-cv-00167 (FOIA suit); *Robinson v. United States Dept. of State*, Civ. No. 09-cv-01579 (seeking an order or declaration regarding the classification of certain foreign organizations by the federal government); *Robinson v. United States Dept. of Justice*, Civ. No. 09-cv-01946 (FOIA suit).

     The instant matter, however, is a civil rights suit against the DOJ for alleged Fourth Amendment violations.  The suit is in the nature of a tort action in that Robinson (1) "alleges both that he has had item(s) stolen from him, to wit; 'captured intelligence' and that his e-mails and/or telephone calls have been intercepted" and (2) characterizes

these alleged government actions as "invasions of privacy and possible theft of items...." Complaint at 2.  As relief, Robinson seeks a declarative judgment and damages in the amount of $558,000, which includes requests for statutory damages under 18 U.S.C. § 2520 and punitive damages.  *Id*.

Robinson is not destitute.  He earns a very modest living and does not have any considerable savings or other assets, but he also lacks dependents and has not recorded any burdensome debts or other obligations in his IFP filings.  He would appear able to shoulder the costs of this litigation, though it might not be a happy event for his annual finances.

I have addressed Robinson's IFP requests in his earlier suits from a generous viewpoint, based in no small measure on his repeated statements that "[t]he Plaintiff is not requesting any monetary damages and does not stand to profit financially in any way[]" from prosecution of those actions.  *See, e.g.,* Plaintiff's Personal Statement in Support of His Motion to Proceed In Forma Pauperis, Robinson v. Dept. of Justice, Civ. No. 09-cv-01946 (docket no. 1).  This telling factor of his FOIA suits does not play a role in this matter where he seeks a half-million dollars in damages.

Accordingly, because I find that (1) Robinson is able to pay the filing fee and other involved costs and (2) no other considerations counter-balance this conclusion, I will deny his Motion to Proceed *In Forma Pauperis* in this civil rights suit.  An appropriate order follows.